IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

U.S. ex rel. Maurice R. Goins,  )
    Petitioner,  )
      )
    v.  )    2:12-cv-1598
      )
Warden Michael W. Harlow, et al.,  )
    Respondents.  )

REPORT and RECOMMENDATION

I.  Recommendation:

It is respectfully recommended that the petition of Maurice R. Goins for a writ of habeas corpus be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II.  Report:

Maurice R. Goins, an inmate that the State Correctional Institution – Albion has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis.

Goins is presently serving a twenty to forty year sentence imposed following his conviction by a jury of third degree murder at CP-02-8059-1998 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on September 15, 1999.[1] Although not clearly specified in the petition, the docket sheet of the Court of Common Pleas of Allegheny County reveals that the petitioner was sentenced on November 9, 1999 (Docket p.5) and his conviction was affirmed by the Superior Court on February 21, 2001 (Docket p.8).[2]

Goins first post-conviction petition was filed on August 20, 2001 (Docket p.9) and denied on January 23, 2001 (Docket p.12). A second post-conviction petition was filed on August 10, 2004 (Docket p.13) and was dismissed on August 16, 2004 (Docket p.13). Denial of relief was affirmed by the Superior Court on December 19, 2005 (Docket p.15) and leave to appeal to the

---

[1] See: Petition at ¶¶ 1-6.
[2] The docket sheet of the Court of Common Pleas of Allegheny County is available on Pennsylvania Unified Judicial System web portal, http://ujsportal.pacourts.us at CP-02-8059-1998.

1

Pennsylvania Supreme Court was denied on August 7, 2006 (Docket p.15). Goins' third post-conviction petition was filed on December 31, 2008 (Docket p.17) and denied on February 12 2009 (Docket p.17).

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005).

In the instant case Goins' conviction became final on March 23, 2001 when the time in which to seek relief in the Pennsylvania Supreme Court expired. Gonzalez v. Thaler, U.S. (2012).[3] The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner sought timely post-conviction which was denied on August 20, 2001 and the Superior Court affirmed the denial of relief on January 22, 2003.

---

[3] See: Pa.R.App.P.1103 which allows thirty days in which to seek leave to appeal to the Pennsylvania Supreme Court.

On August 10, 2004, Goins filed an untimely second post-conviction petition (Docket p.13).[4] That petition was dismissed and allowance of appeal was denied by the Pennsylvania Supreme Court on August 7, 2006 (Docket p.15). On December 31, 2008, petitioner filed a third post-conviction petition and it was denied on February 12, 2009 (Docket p.17). The instant petition was executed on October 25, 2012 or over eleven and a half years after his conviction became final, and the denial of his only timely post-conviction petition was affirmed on January 22, 2003 or over nine and a half years ago. All his additional post-conviction were not "properly filed" in that they were untimely. For this reason, his petition here is likewise untimely and no basis for equitable tolling of this requirement having been demonstrated, it is subject to dismissal here.

Accordingly, it is recommended that the petition of Maurice R. Goins for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, it is also recommended that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date and mailing them to United States District Court, 700 Grant Street, Pittsburgh PA 15219-1957. Failure to file timely objections will waive the right to appeal.

                                                                    Respectfully submitted,
                                                                    s/ Robert C. Mitchell
Filed: November 6, 2012                              United States Magistrate Judge

---

[4] Pennsylvania requires all post-conviction petitions to be filed within one year of the conviction becoming final which occurred on March 23, 2001. 42 Pa.C.S.A. §9545(b).